**Richard G. Schmid, Appellee, v. C. E. Heath et al., Appellants.**

**Gen. No. 16,442.**

1. INSURANCE—*automobile.* An insurance policy on an automobile providing that "loss by theft, robbery or pilferage, by persons not in the employment, service or household of the assured, is covered" covers theft by an employee of a public garagekeeper at whose garage the car was kept.

2. MASTER AND SERVANT—*who is servant or employee.* A servant or employee is one who is employed to perform personal service.

3. MASTER AND SERVANT—*contractors.* A contractor is one who engages to do a particular thing, and the idea of personal service is not a necessary element in the bargain.

4. INSURANCE—*when employee of garagekeeper in service of automobile owner within policy.* An employee of garagekeeper, to be in the service or employment of the assured, within the meaning of a policy covering an automobile, providing "that loss by theft, robbery or pilferage, by persons not in the employment, service or household of the assured is covered," must be subject to the control and direction of the assured, and bound to render personal service to him.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed October 7, 1912.

JOSEPH E. PADEN and OSCAR A. KROPF, for appellants.

S. S. GREGORY and C. H. POPPENHUSEN, for appellee; J. L. McNAB, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendants, appellants here, issued to the plaintiff, appellee here, an insurance policy covering his automobile. Plaintiff placed his car in a public garage kept by one LiBal and paid LiBal for the care and keeping thereof eighteen dollars per month. LiBal had in his employ in the garage Harry A. Collier and Robert Cole. Collier, with the aid of another man, induced Cole, by means of a fictitious message and false statement, to leave the garage, and while he was absent Collier stole and drove away plaintiff's car. Plaintiff brought suit on the policy, the cause was submitted to the court on an agreed statement of facts, the court gave judgment for the plaintiff and the defendants appealed.

The only question presented is whether, under the terms and conditions of the policy, the defendants are liable to plaintiff for the damages caused by the theft of his car by Collier. Leaving out the provisions which do not apply to the question here presented, the defendants by said policy insured the plaintiff "only against risks of fire, explosion, self-ignition, lightning, salvage, theft, robbery or pilferage as below," and below in the contract it is provided that "Loss * * * by theft, robbery or pilferage by persons not in the employment, service or household of the assured is covered." Collier was not in the household of the assured. The defendants were liable for the theft of the car by Collier unless he was in the "employment or service" of the assured within the meaning of those terms as used in the policy. It is stipulated that Collier was in the employ of LiBal. LiBal

was bound only to produce or cause to be produced a certain result, and was free to dispose of his own time and personal efforts according to his pleasure without responsibility to the assured. A servant or employee is one who is employed to perform personal service; and a contractor, one who engages to do a particular thing, the idea of personal service not being a necessary element in the bargain. To be in the service or employment of the assured, within the meaning of the policy, Collier must have been subject to the control and direction of the assured and bound to render personal service to him; but he was employed, not by the assured, but by LiBal, and was not subject to the control of the assured nor bound to render to him any personal service.

We concur in the conclusion reached by the learned trial judge, that Collier was not in the employment or service of the assured, and therefore that the defendants were liable to the assured under the terms of the policy for the theft of his car by Collier.

The judgment of the Circuit Court is affirmed.

*Affirmed.*